**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DONTA VAUGHN | * |
| Plaintiff | * |
| v | *  Civil Action No. ELH-15-1840 |
| THE BALTIMORE SUN CO., BRANDI B., and | * |
| IAN DUNCAN | * |
| Defendants | * |

***

**MEMORANDUM**

The above captioned action was filed on June 23, 2015 (ECF 1), together with a motion to proceed in forma pauperis (ECF 2). The Motion shall be granted. For the reasons stated below, however, the complaint must be dismissed.

Plaintiff Donta Vaughn, who is self-represented, is a prisoner committed to the custody of the Federal Bureau of Prisons and currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland.[1] Vaughn has sued the Baltimore Sun, a newspaper, and the co-authors of an article that was published by the Baltimore Sun and which he contends was defamatory.

In particular, Vaughn asserts that on February 1, 2014, defendants published a news story stating that he was convicted of the murder of Eric Pendergrass. He claims this story was inaccurate.

According to Vaughn, he stood trial on charges of first degree murder, conspiracy, kidnapping, and verbal extortion for the death of Eric Pendergrass. The jury was given instructions regarding felony-murder. Vaughn asserts that the "jury acquitted [him] of all instant

---

[1] *See Vaughn v. Warden*, ELH-15-1358.

charges," but found him guilty of "verbal extortion" and "used said convictions [for two counts of extortion] as a predicate for [his] conviction of felony-murder." ECF 1 at 2. Vaughn alleges that as "this Honorable Court and students of law are aware . . . for a conviction of felony-murder, a defendant do[es] not have to be guilty of having any role in the murder . . . only the felony." ECF 1 at 3.

Vaughn alleges that defendants published the state's theory of the case as if it were true, portrayed Vaughn as the architect of the plan to kill Pendergrass, and erroneously reported that Vaughn sent pictures via text message of "a tortured Pendergrass" to the victim's girlfriend. *Id*. at 3 – 4. Further, he claims that the story falsely portrayed the authors of the article as witnesses to the trial when, in Vaughn's view, if they had in fact attended the trial they would have known that there was no physical evidence linking him to the crime. *Id*. at 4 – 5. As a result of the publication, Vaughn asserts he has been erroneously portrayed as a depraved criminal. *Id*. As relief, he seeks one-million dollars in damages. *Id*. at 14.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Indeed, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1193 (2010).

"A court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th

Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 130 S. Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Under 28 U.S.C. § 1331, a federal court may obtain subject matter jurisdiction in a case involving a federal question.  Under 28 U.S.C. § 1332(a)(1), federal district courts may obtain subject matter jurisdiction based on diversity, *i.e.*, in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

A claim for defamation is not a federal cause of action and the named defendants are not state actors.  But, a state law cause of action, such as the tort of defamation, may be brought in this court on the basis of diversity of citizenship.  As noted, diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).  In the instant case, all parties reside in Maryland and the alleged wrongful acts occurred in Maryland.  Accordingly, diversity jurisdiction is not established in this case.  It follows that this Court lacks subject matter jurisdiction and thus it may not address the merits of the claims.

By a separate Order which follows, the Complaint shall be dismissed, without prejudice.

|  |  |
|---|---|
| July 2, 2015 | /s/ |
| Date | Ellen L. Hollander<br>United States District Judge |